967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy E. DESS, Petitioner-Appellant,
v.
Jack MCCORMICK, Respondent-Appellee.
 No. 91-35892.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Montana prisoner Timothy Dess challenges the district court's dismissal of his pro se habeas corpus petition under 28 U.S.C. § 2254 alleging that his prison sentence was incorrectly calculated. We review for clear error the district court's factual determination that Montana prison authorities did not miscalculate Dess's sentence. See United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Dess argues that Montana prison authorities miscalculated his sentence when they corrected their previous erroneous credit of seven months and eleven days for time served while Dess was free on bond.[1] Dess alleges that in correcting the error, prison officials inadvertently added seven months and eleven days to his sentence twice. A review of the record reveals, however, that no such error was made.
 
 
 4
 There is no basis for concluding that the district court committed clear error in dismissing Dess's petition. We affirm.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Dess has previously argued that credit for time free on bond is mandated by Montana statute and the federal constitution. This argument has been rejected by the Montana Supreme Court, Dess v. Eighth Judicial District Court, No. 89-063, order (Mont.S.Ct. March 23, 1988), as well as by this court, Dess v. Eighth Judicial District Court, No. 90-35073, unpublished memorandum disposition (9th Cir. Oct. 11, 1990)
 
 
 [2]
 Dess's motion for default judgment is denied